IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAYA S. REED,<br><br>  Plaintiff,<br><br>  v.<br><br>SOLANO COUNTY JUSTICE CENTER, et al.,<br><br>  Defendants. | No. 2:23-CV-1574-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

1

entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Zaya Reed names as defendants: (1) Solano County Justice Center, (2) Wellpath Medical, Medical Provider, (3) Dr. Matthew Wong, Psychiatrist, and (4) C. Nevarez, Nurse. See ECF No. 1, pg.1. Plaintiff alleges violations of her Eighth and Fourteenth Amendment rights. See id. at 3-6.

In Reed's first claim, Plaintiff asserts that Defendants violated Plaintiff's Eight Amendment rights for failure to meet Plaintiff's medical needs.[1] See id. Plaintiff contends that on May 14, 2023, Defendant Wong stopped Plaintiff's prescription for Seroquel and melatonin. See id. at 3. According to Plaintiff, Defendant Wong subsequently increased Plaintiff's dosage on Plaintiff's prescription of Zoloft to 100mg. See id. Plaintiff asserts that Plaintiff had been taking Zoloft and Melatonin unchanged for two years prior to incarceration on December 19, 2022. See id. Plaintiff contends Defendant Wong is responsible for overdosing Plaintiff on Zoloft, resulting in three-nights of insomnia, and suicidal ideations that ultimately led to a suicide attempt. See id. Plaintiff further asserts that Defendants' disregarded concern for Plaintiff's wellbeing and were more interested in Well Path Medical legal concerns. See id. Plaintiff claims Defendant Nevarez informed Plaintiff that melatonin is only prescribed on rare occasions. See id. According to

---

[1] Plaintiff alleges a vaginal infection due to the side effects of the blood pressure medication Plaintiff was prescribed. A vaginal infection may indicate that Plaintiff is an assigned female at birth. However, as there are no facts indicating this information, Plaintiff will be identified as "Plaintiff" or "Reed."

1  Plaintiff, the shift in medication dosages and disregard of Plaintiff's side-effects resulted in
2  mental instability including extreme emotional distress, insomnia, sleep deprivation, mood
3  swings, suicidal thoughts, anxiety, and nightmares. See id.

4  In Reed's second claim, Plaintiff argues that Wellpath Medical and Solano County
5  Justice Center have completely disregarded Plaintiff's medical concerns. See id. at 4. Plaintiff
6  asserts that after arriving to the facility on December 19, 2022, Plaintiff was prescribed an
7  alternative medication called Zyprexa in place of her previous prescription Seroquel. Plaintiff had
8  been taking Seroquel since October 2021. See id. According to Plaintiff, the sudden shift in
9  medication caused Plaintiff to experience an emotional break down, and mental instability
10 regarding a related to case. See id.

11 Plaintiff asserts that the facility has continuously made decisions regarding
12 Plaintiff's mental health and medical care that have caused serious side effects. See id. Plaintiff
13 contends that Zyprexa has caused liver and kidney issues that have ultimately resulted in the need
14 for Proticin for high blood pressure. See id. Plaintiff additionally claims Plaintiff has experienced
15 extreme weight gain and additional vaginal infections due to the side effects of these medications.
16 See id. According to Reed, Well Path Medical disregarded Plaintiff's complaints regarding the
17 previously discussed side effects. See id. Plaintiff's mother researched the medications and
18 informed Plaintiff that the symptoms she was experiencing were side effects of the medication
19 Plaintiff was taking. See id. Plaintiff asserts that due to these side effects Plaintiff experienced
20 extreme emotional distress, high blood pressure, extreme weight gain, vaginal infections, and
21 liver and kidney complications. See id.

22 In Plaintiff's third claim, Reed contends that Solano County Justice Center and
23 Wellpath Medical have neglected Plaintiff's medical care. Plaintiff alleges that Plaintiff suffers
24 from Bi-polar, extreme depression, and insomnia. See id. at 5. Plaintiff alleges that Plaintiff has
25 been left for days in a safety cell with no supplies to clean herself, including but not limited to the
26 absence of soap, water, clean clothes, a toothbrush, and toothpaste. See id.  Plaintiff further
27 asserts that Plaintiff has been experiencing a deep depression after an insomniac episode that
28 lasted multiple days at a time. See id.  Reed alleges Plaintiff has severe tooth decay and Plaintiff's

teeth are falling out. See id. Plaintiff identifies further medical issues like a large rash and severe acne. See id. Plaintiff went to the dentist after complaining about extreme pain on one side of Plaintiff's mouth. See id. According to Plaintiff, the dentist saw Plaintiff for a short amount of time and stated that nothing was wrong. See id.

Plaintiff asserts that Plaintiff's tooth broke off two days later. Plaintiff additionally saw the dentist for pain on the other side of her mouth. See id. The dentist informed Plaintiff root canal was necessary, but that the facility does not perform those kinds of procedures. See id. Plaintiff claims that the facility has also refused to treat the rash on Plaintiff's face, stating that they do not know what classifies as completely neglecting Plaintiff's medical care. Plaintiff asserts that the injuries sustained due to Defendants' neglect are the loss of teeth, extreme pain, and anxiety regarding infection. See id.

## II. DISCUSSION

Plaintiff's complaint suffers multiple defects. First, Plaintiff has not stated sufficient facts to sustain a claim against the Solano County Justice Center, which is a municipal entity (second claim). Second, Plaintiff's claim regarding Defendants negligence in their medical treatment does not give rise to a claim under the Eighth Amendment (first and third claim).

### A. **Municipal Liability**

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Here, Plaintiff names as Defendants the Solana County Justice Center, which is a division of Solano County, a municipal entity. Plaintiff has not, however, alleged facts indicating any sort of policy or custom of this Defendants which was the cause of a constitutional violation. Plaintiff will be provided leave to amend.

### B. Eighth Amendment Medical Needs

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

1   activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See
2   Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

3   　　　　　The requirement of deliberate indifference is less stringent in medical needs cases
4   than in other Eighth Amendment contexts because the responsibility to provide inmates with
5   medical care does not generally conflict with competing penological concerns.  See McGuckin,
6   974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to
7   decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
8   1989).  The complete denial of medical attention may constitute deliberate indifference.  See
9   Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical
10  treatment, or interference with medical treatment, may also constitute deliberate indifference.  See
11  Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate
12  that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

13  　　　　　Negligence in diagnosing or treating a medical condition does not, however, give
14  rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a
15  difference of opinion between the prisoner and medical providers concerning the appropriate
16  course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,
17  90 F.3d 330, 332 (9th Cir. 1996).

18  　　　　　Here, Plaintiff asserts Defendants deliberately disregarded Plaintiff's medical
19  concerns by increasing Plaintiff's prescription of Zoloft, stopping Plaintiff's prescription for
20  Seroquel and melatonin, and prescribing Zyprexa instead of Seroquel.  Plaintiff contends that
21  Defendants were negligent in treating Plaintiff. Negligence in diagnosing or treating a medical
22  condition does not give rise to a claim under the Eighth Amendment.  While this defect cannot be
23  cured through amendment, given Plaintiff's pro se status, the Court will permit Plaintiff an
24  opportunity to amend to allege facts, if any exist, demonstrating that Plaintiff's claim amounts to
25  more than a claim of medical malpractice.
26  / / /
27  / / /
28  / / /

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's original complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: March 12, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE