IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAYA S. REED, | No. 2:23-CV-1574-TLN-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SOLANO COUNTY JUSTICE CENTER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 10.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

1

entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with a pro se complaint filed in the United States District Court for the Eastern District of California on July 31, 2023. See ECF No. 1. On May 13, 2024, the Court issued an order addressing the sufficiency of Plaintiff's original complaint. See ECF No. 8. The Court determined the original complaint suffered multiple defects, including Plaintiff's failure to state sufficient facts to sustain a claim against the Solano County Justice Center, which is a municipal entity (second claim) and Plaintiff's failure to state an Eighth Amendment claim (first and third claims). See id. As such, the Court found Plaintiff had not stated any cognizable claims against the named defendants.

Plaintiff was provided an opportunity to file an amended complaint addressing the defects identified in the Court's May 13, 2024, order. See id. Plaintiff was cautioned that, if no second amended complaint was filed within 30 days, the Court would recommend dismissal of all claims and defendants. See id. Plaintiff was further cautioned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See id. Plaintiff filed the operative first amended complaint on June 7, 2024. See ECF No. 10.

/ / /

B.     **Plaintiff's Current Allegations**[1]

Plaintiff names the following as defendants: (1) Solano County Justice Center, (2) Wellpath Medical, provider of medical care for county inmates, (3) Dr. Matthew Wong, psychiatrist, and (4) C. Nevarez, nurse. See ECF No. 10, pg. 1. Plaintiff alleges violations of her Eighth Amendment rights for failure to meet Plaintiff's medical needs. See id. at 3-6.

In Plaintiff's first claim, Plaintiff contends that on May 14, 2023, Defendant Dr. Wong stopped Plaintiff's prescription for Seroquel and Melatonin, as well as increased Plaintiff's dosage on Plaintiff's prescription for Zoloft to 100mg. See id. at 3. Plaintiff asserts that Plaintiff had been taking Zoloft and Melatonin unchanged for two years prior to incarceration on December 20, 2022. See id. As a result of this shift in Plaintiff's medication, Plaintiff contends Defendant Dr. Wong is responsible for overdosing Plaintiff on Zoloft, resulting in three nights of insomnia and suicidal ideations that led to a suicide attempt. See id. Plaintiff additionally asserts that Defendants were more concerned with Wellpath Medical's legal concerns and disregarded Plaintiff's wellbeing. See id. Plaintiff further contends Defendant Nevarez informed Plaintiff that Melatonin is only prescribed on rare occasions. See id. Plaintiff claims that the shift in medication resulted in mental instability, emotional distress, insomnia, mood swings, suicidal thoughts, anxiety, and nightmares. See id.

In Plaintiff's second claim, Plaintiff contends that Defendants Wellpath Medical and Solano County Justice Center prescribed Zyprexa as an alternate medication to Plaintiff's prior prescription for Seroquel. See id. at 4. Plaintiff asserts Plaintiff had been taking Seroquel since October 2021 and contends Defendants disregarded Plaintiff's medical concerns with this sudden shift in medications after arriving at the facility on December 20, 2022. See id. Plaintiff further contends that the shift to Zyprexa caused liver and kidney issues which in turn resulted in the need to prescribe Protocin for high blood pressure. See id. Plaintiff claims that this shift in medications caused Plaintiff to experience an emotional breakdown, extreme emotional distress,

---

[1] Plaintiff's allegations in the first amended complaint closely resemble the Court's summary of Plaintiff's allegations of the original complaint set forth in the March 13, 2024, order.

3

high blood pressure, extreme weight gain, vaginal infections, as well as liver and kidney complications. See id.

In Plaintiff's third claim, Plaintiff contends that Defendants Solano County Justice Center and Wellpath Medical have neglected Plaintiff's medical care. See id. at 5. Plaintiff asserts that Plaintiff has bipolar disorder, extreme depression, and insomnia. See id. Plaintiff alleges that Plaintiff has been left for days in a safety cell with no supplies to clean herself, including but limited to the absence of soap, water, clean clothes, a toothbrush and toothpaste. See id. Plaintiff additionally asserts that Plaintiff has experienced a severe depression following an insomniac episode that lasted multiple days, severe tooth decay and loss of teeth, and additional medical issues including a large rash and severe acne. See id. Plaintiff asserts that Plaintiff went to the dentist after complaining about extreme pain on one side of Plaintiff's mouth. See id. Plaintiff, however, contends the dentist said nothing was wrong and asserts her tooth broke off two days later. See id. Plaintiff claims this neglect of Plaintiff's medical care resulted in loss of teeth, extreme pain, and anxiety regarding infection on her face. See id.

## II.  DISCUSSION

Plaintiff's amended complaint fails to allege facts sufficient to establish an Eighth Amendment claim against any named defendants.

### A.  **Medical Care Claim (as to all Defendants)**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . .embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when

two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not generally give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). However, a claim involving alternate courses of treatment may succeed where the plaintiff shows: (1) the chosen course of treatment was medically unacceptable under the circumstances; and (2) the alternative treatment was chosen in conscious disregard of an excessive risk to the prisoner's health. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

In addressing the original complaint, the Court stated:

> Plaintiff asserts Defendants deliberately disregarded Plaintiff's medical concerns by increasing Plaintiff's prescription of Zoloft, stopping Plaintiff's prescription for Seroquel and melatonin, and prescribing Zyprexa instead of Seroquel. Plaintiff contends that Defendants were negligent in treating Plaintiff. Negligence in diagnosing or treating a medical condition does not give rise to a claim under the Eighth Amendment. While this defect cannot be cured through amendment, given Plaintiff's pro se status, the Court will permit Plaintiff an opportunity to amend to allege facts, if any exist, demonstrating that Plaintiff's claim amounts to more than a claim of medical negligence.

ECF No. 8, pg. 6.

Plaintiff's amended complaint does not allege any new facts. In the first amended complaint, Plaintiff alleges the same facts as the original complaint. As such, Plaintiff's first amended complaint continues to fail to state an Eighth Amendment medical care claim as to all defendants because the claim is a negligence claim, and not an indifference claim. Further leave to amend is not warranted.

### B.   Municipal Entity Liability (as to Defendant Solano County Justice Center)

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials

under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Here, Plaintiff names the Solano County Justice Center as Defendant. Solana County Justice Center is a division of Solano County, a municipal entity. As with the original complaint, Plaintiff has not alleged facts in the first amended complaint indicating any sort of policy or custom of this defendant which was the cause of a constitutional violation. Further leave to amend is not warranted.

### C. Private Entity Liability (as to Defendant Wellpath Medical)

A § 1983 claim can only hold liable a "person" that acted under color of state law. 42 U.S.C. § 1983. Private entities are generally not considered suable persons under § 1983. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991); Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). However, if a private entity performs a function that is traditionally and historically the "exclusive" function of the state, it can become a state actor. See Flagg Bros. v. Brooks, 436 U.S. 149, 157-58 (1978); Jackson v. Metro. Edison Co., 419 U.S. 345, 352 (1974).

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc). Therefore, when a private entity steps in for the state itself, it is immune from § 1983 liability under the Eleventh Amendment.

Unlike the state itself, municipalities and local government units are "persons" under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). To hold a municipal entity liable, a plaintiff must show that the municipality had a custom or policy that was the "moving force" behind a violation of the plaintiff's constitutional rights. See id. at 694. Therefore, when a private entity steps in for a municipality or other local government unit, a plaintiff must show that there was a custom or policy implemented by the entity that resulted in a violation of the plaintiff's constitutional rights.

Here, Wellpath Medical steps in to provide medical care for Solano County Justice Center's inmates. Solano County Justice Center is a division of Solano County, a municipal entity. Wellpath Medical is thus a "person" under § 1983 because it steps in for a municipal entity, namely Solano County Justice Center. However, as with the original complaint and as discussed above with respect to Defendant Solano County Justice Center, Plaintiff has again not alleged facts indicating any sort of policy or custom which was the cause of a constitutional violation. Further leave to amend is not warranted.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed with prejudice for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections.

/ / /

/ / /

/ / /

Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 27, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE